UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODNEY BROOKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 4:16CV01496 AGF |
| ) | |
| CHARTER COMMUNICATIONS (DE), ) | |
| LLC; STEVE CREAMEANS; and JUDY ) | |
| HECKSEL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This disability discrimination action, brought under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, is before the Court on Defendants' motion to dismiss several claims for failure to state a claim. For the reasons set forth below, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

Plaintiff alleges in his amended complaint that he began working for Defendant Charter Communications (DE), LLC ("Charter") in 2006. In July 2014, when he was a National Quality Manager with Charter in St. Louis, Missouri, he had a stroke and took four weeks leave under the Family and Medical Leave Act ("FMLA"). In August 2014, he had a heart attack and took two weeks FMLA leave. On August 29, 2014, Charter offered him a position as a Direct Sales Representative in Texas. Plaintiff accepted the

position on September 2, 2014. Plaintiff alleges that pursuant to Charter's instructions, he resigned from his other position on (Wednesday) September 3, 2014, by letter which he gave to Defendant Steve Creameans, his immediate supervisor. In the resignation letter, Plaintiff stated that his doctor advised him he needed to decrease stress, and so he was leaving his position as National Quality Manager, a highly stressful job.

Plaintiff further alleges that he had planned to work the rest of the week, but Creameans called him and told him not to bother coming to work. Plaintiff alleges that (at some point) he informed Creameans of his intention to take another position with Charter. He also alleges that he (Plaintiff) was told that the human resources representative in Texas spoke to Defendant Judy Hecksel, the human resources representative in St. Louis, about Plaintiff's medical condition.

In a letter to Plaintiff dated September 12, 2014, Charter stated that it was memorializing a phone conversation of the previous day that the Texas offer was rescinded. The letter stated that the rescission was based on Plaintiff's "lack of forthrightness" and "bewildering resignation" of his employment prior to the offered job transfer, and his failure to notify his supervisor of his intention to take another Charter position. On February 8, 2015, Plaintiff filed an administrative charge of disability discrimination, reciting the above facts. He filed the present action on September 21, 2016, against Charter, Creameans, and Hecksel. He claims that he was terminated based on his disability and/or perceived disability in violation of the MHRA (Count I) and the ADA (Count II). In Count I, he includes allegations of failure to accommodate, disparate

treatment due to his disability and/or perceived disability, and a pattern and practice of disability discrimination.

Defendants argue that Plaintiff's claims under the MHRA for failure to accommodate, disparate terms and conditions of employment besides his termination, and pattern and practice of discrimination must be dismissed because they were not included in the administrative charge, a copy of which Defendants attach to their motion to dismiss. Moreover, according to Defendants, Plaintiff has failed to allege facts that would support the above three claims, and has failed to allege facts from which it could be inferred that the individual Defendants are liable for the termination.

Defendants next argue that all the MHRA claims are subject to dismissal because the alleged discrimination took place in Texas, and the MHRA cannot be applied extraterritorially. Lastly, Defendants argue that the ADA claims against Creameans and Hecksel must be dismissed because the ADA does not permit individual liability.

Plaintiff responds that his MHRA claims of failure to accommodate, disparate terms and conditions of employment, and pattern and practice discrimination are directly related to his claims of disability discrimination described in the administrative charge. He also argues that the defense of failure to exhaust administrative remedies can only properly be raised by a motion for summary judgment because it requires an examination of the administrative charge, a matter outside the pleadings. He maintains that the allegations in the complaint support the claim that Defendants failed to accommodate his need to reduce stress levels. He also argues that his allegations with respect to Creameans and Hecksel are sufficient to withstand a motion to dismiss.

3

With respect to Defendants' argument that the alleged discriminatory conduct took place in Texas, Plaintiff counters that "the majority, if not all, of the alleged discriminatory conduct" occurred in Missouri and while he was still employed by Charter in Missouri, and that he alleged facts against "Charter and its employees who were working in Missouri during the time of the discriminatory actions taking place." (Doc. No. 26 at 11.) Plaintiff concedes that he cannot state an ADA claim against Creameans and Hecksel.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id*. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015).

Plaintiff's argument that the Court cannot consider the administrative charge on a motion to dismiss is without merit. The charge is a matter of public record and referenced in Plaintiff's own complaint. *See, e.g., Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (holding in an employment discrimination case that a court may consider, on a motion to dismiss, the administrative charge attached as an

4

exhibit in support of the defendant's motion to dismiss, because the charge is a public record); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002) (same).

The Court agrees with Defendants that here, the administrative charge, even giving it an expansive reading, does not satisfy the exhaustion requirement for Plaintiff's pattern and practice claim. *See Young v. Time Warner Cable Capital, L.P.*, 443 F. Supp. 2d 1109, 1123 (W.D. Mo. 2006) (dismissing a pattern and practice claim where administrative charge did not include such a claim). The Court concludes, however, that the administrative charge, and the allegations in the amended complaint itself, support the claims, not only that Plaintiff's termination constituted disability discrimination under the MHRA and ADA, but also that the rescission of the job offer in Texas constituted a failure to accommodate Plaintiff's disability, in violation of those statutes.

The MHRA makes it an unlawful employment practice for an "employer" to discriminate against any individual on the basis of disability. Mo. Rev. Stat. § 213.055. The MHRA defines "employer" to include "any person directly acting in the interest of an employer." *Id*. § 213.010(7). A supervisory employee falls within the meaning of "employer" under the MHRA. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009). However, "Missouri cases have only allowed for individual liability under the MHRA when the individuals directly oversaw or were actively involved in the discriminatory conduct." *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139-40 (Mo. Ct. App. 2012).

Here the Court agrees with Defendants that the complaint falls short of alleging facts from which it could be plausibly inferred that Hecksel directly oversaw or was actively involved in the decision to terminate Plaintiff. The only factual allegation that

5

relates to Hesckel is that Plaintiff was told (by an unspecified person) that the human resources representative in Texas spoke to Hecksel about Plaintiff's medical condition. He does not allege, for example, that Hesckel was the head of human resources, or that she generally was involved in termination decisions. But the Court concludes that Creameans' alleged conduct – namely, telling Plaintiff not to bother to come to work after Plaintiff submitted the resignation letter – is sufficient to create a reasonable inference that Creameans directly oversaw or was actively involved in the termination decision.

The Court rejects Defendants' argument that the alleged discrimination took place in Texas. Thus, Plaintiff's claims against Charter and Creameans that they terminated him in violation of the MHRA remain viable. As Plaintiff now concedes, there is no individual liability under the ADA. *See, e.g., Baldwin v. Owens*, No. 4:14CV1662 RWS, 2014 WL 5090820, at *2 (E.D. Mo. Oct. 9, 2014). Charter has not moved for dismissal of the ADA claim against it.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion (Doc. No. 22) to dismiss is **GRANTED** in part and **DENIED** in part. The motion is granted with respect to Plaintiff's claims against Defendants Steven Creameans and Judy Hecksel under the ADA; with respect to Plaintiff's claims of a pattern and practice claims; and with respect to Plaintiff's claims under the MHRA against Defendant Judy Hecksel. The motion is

denied in other regards.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 24th day of January, 2017