UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RODNEY BROOKS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16CV01496 AGF |
| | ) | |
| CHARTER COMMUNICATIONS (DE), | ) | |
| LLC; STEVE CREAMEANS; and JUDY | ) | |
| HECKSEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This disability discrimination action, brought under the Missouri Human Rights Act ("MHRA"), and the Americans with Disabilities Act ("ADA"), is before the Court on (1) Defendants' motion for sanctions, under Federal Rule of Civil Procedure 11, for Plaintiff making false representation in his original and first amended complaint about the nature of his medical condition, and (2) Plaintiff's motion for leave to file a second amended complaint. For the reasons set forth below, the motion for sanctions in the form of dismissal of the action will be denied, but sanctions in the form of reimbursing Defendants for attorney's fees incurred in pursuing this motion will ordered. Plaintiff's motion for leave to file a second amended complaint will be granted.

## BACKGROUND

Plaintiff commenced this action in state court August 12, 2016. The action was removed to this Court on September 21, 2016. In his first amended complaint, filed on

October 11, 2016, Plaintiff alleged that he began working for Defendant Charter Communications (DE), LLC ("Charter") in 2006. He alleged that in July 2014, when he was a quality manager with Charter in St. Louis, Missouri, he had a stroke and took four weeks leave under the Family and Medical Leave Act ("FMLA"), and that in August 2014, he had a heart attack and took two weeks FMLA leave. On August 29, 2014, Charter offered him a position as a sales representative in Texas. Plaintiff accepted the position on September 2, 2014, and pursuant to Charter's instructions, resigned from his quality manager position on Wednesday September 3, 2014, by letter delivered to Defendant Steve Creameans, his immediate supervisor. In the resignation letter, Plaintiff stated that his doctor advised him that he needed to decrease stress, and so he was leaving his quality manager position, a highly stressful job.

Plaintiff further alleged that he had planned to work the rest of the week, but Creameans called him and told him not to bother coming to work. Plaintiff alleged that (at some point) he informed Creameans of his intention to take another position with Charter. He also alleged that he (Plaintiff) was told that the human resources representative in Texas spoke to the human resources representative in St. Louis about Plaintiff's medical condition. By letter to Plaintiff dated September 12, 2014, Charter stated that it was memorializing a phone conversation of the previous day in which Plaintiff was told that the Texas offer was rescinded. The letter stated that the rescission was based on Plaintiff's "lack of forthrightness" and "bewildering resignation" of his employment prior to the offered job transfer, and his failure to notify his supervisor of his intention to take another Charter position.

The first amended complaint named Charter, Creameans, and the human resources representative mentioned above as Defendants and claimed that Plaintiff was terminated based on his disability and/or perceived disability in violation of the MHRA (Count I) and the ADA (Count II). By Memorandum and Order dated January 24, 2017, the Court granted Defendants' motion to dismiss in part and denied it in part, concluding that Plaintiff's claims against Charter and Creameans that they terminated him in violation of the MHRA, and his claim against Charter for termination in violation of the ADA, remained viable.

The present motion was filed on October 27, 2017. Defendants seek dismissal of the action as a sanction, on the ground that Plaintiff misrepresented his medical condition in his first amended complaint by stating that he had had a heart attack and a stroke. In addition, Plaintiff repeated these misrepresentations in his answers to interrogatories. In support of the motion for sanctions, Defendants submit the declaration of their counsel, stating that he reviewed Plaintiff's medical records obtained in the course of discovery and none of them support Plaintiff's allegations that he had a stroke and a heart attack in 2014. Defendants also suggest that Plaintiff doctored a hospital discharge form to indicate that he had had a heart attack. Creameans avers by declaration that Plaintiff gave him this discharge form on August 12, 2014. ECF 49-3.

It is undisputed that Defendants served Plaintiff with a copy of the motion for sanctions on October 5, 2017, and in correspondence requested that Plaintiff dismiss the lawsuit.

In his response to the motion dated November 3, 2017, Plaintiff argues that while it may have been inaccurate to allege that he had a stroke and heart attack, his medical records (attached to his response) demonstrate that he had legitimate heart-related medical conditions that would qualify as a disability, or a perceived disability, or would cause Defendants to regard him as disabled. Thus, according to Plaintiff, the nature and basis of his lawsuit remains the same. Plaintiff denies falsifying any evidence, and questions whether the discharge form in question was indeed given by him to Charter. He points the Court to his contemporaneous motion for leave to file a second amended complaint to "clarify" his alleged disability. He also asserts that he has supplemented his discovery responses (to clarify his medical condition).

The proposed second amended complaint alleges that "Plaintiff has suffered from TIAA (Transient Ischemic Attack), often labeled 'mini-strokes' and/or 'warning stroke.'" ECF No. 51-1 ¶¶ 25. This allegation is followed by a review of Plaintiff's visits to the emergency room from May 31, 2006, through August 8, 2014, on which day he went to the emergency room with what he believed to be a heart attack and was diagnosed with angina. The remaining allegations and claims remain essentially the same as the first amended complaint, with the gravamen of both being that Plaintiff had disabilities that inhibited major life activities, and that Charter rescinded the Texas offer upon learning of Plaintiff's medical condition.

With respect to the timing of the motion for sanctions, counsel for Plaintiff states that on October 25, 2017, he informed Defendants' counsel by phone that Plaintiff would be seeking leave to file a second amended complaint to "clarify" Plaintiff's statements in

the first amended complaint and "cure any alleged deficiencies in his pleadings as a result of medical records obtained during the discovery process." ECF No. 50 at 2-3. As noted above, the motion for sanctions was filed two days later.

In reply in support of their motion for sanctions, and in response to Plaintiff's motion for leave to file the proposed second amended complaint, Defendants argue that "there is no amendment that can correct the central flaw of this lawsuit: Plaintiff did not experience the alleged medical events that he claimed led to his termination." ECF No. 53 at 1. They also assert that Plaintiff's motion for leave to file a second amended complaint came after the motion for sanctions was filed, and is thus untimely. Defendants do not reassert the charge that Plaintiff falsified the discharge form noted above.

## **DISCUSSION**

Rule 11(b)(3) requires that "the factual contentions [of a pleading] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." A violation of this requirement may warrant sanctions, "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*. A motion for sanctions

> must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If

5

> warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). The 21-day notice period is referred to as the safe harbor provision, and a district court abuses its discretion if it awards Rule 11 sanctions based on a motion that does not comply with the safe harbor provision. *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003). Here, Defendants filed the motion for sanctions one day after the safe harbor period ended.

"[R]ulings on Rule 11 motions for sanctions involve fact-intensive, close calls." *Kountze ex rel. Hitchcock Found. v. Gaines*, 536 F.3d 813, 819 (8th Cir. 2008) (citation omitted). The Eighth Circuit has affirmed dismissals of complaints where a plaintiff made "allegations that had no basis in fact." *See, e.g., Carman v. Treat*, 7 F.3d 1379, 1383 (8th Cir. 1993). Here, the Court concludes that dismissal is not warranted. The Court agrees with Plaintiff that the nature and viability of his claims against Charter and Creameans remain essentially the same in the proposed second amended complaint as in the previous complaint.

Nevertheless, the first amended complaint and Plaintiff's interrogatory answers contained not insignificant factual misrepresentations that were not corrected until Defendants filed the motion for sanctions. The Court believes that the best resolution of the present dispute is to allow Plaintiff to file the proposed second amended complaint, but to require that, as a sanction, he pay Defendants their reasonable attorney's fees incurred in pursuing the motion for sanctions and in opposing the motion for leave to file a second amended complaint. The Court does not believe it is necessary to resolve, at

this point, the dispute between the parties with respect to the hospital discharge form discussed above. With the filing of the new complaint, Plaintiff is no longer alleging that he had a heart attack, and the dispute over the discharge form does not affect the viability of his claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion (ECF. No. 49) for sanctions is **GRANTED** to the extent that Plaintiff will be required to pay Defendants their reasonable attorney's fees incurred in pursuing the motion for sanctions and in opposing the motion for leave to file a second amended complaint. Defendants shall within 14 days of the date of this Memorandum and Order file documentation of such fees.

**IT IS FURTHER ORDERED** that Plaintiff's motion (ECF No. 51) for leave to file a second amended complaint is **GRANTED**. The Clerk's Office is directed to detach ECF No. 51-1 and file it as Plaintiff's second amended complaint.

**IT IS FURTHER ORDERED** that the parties' consent motion (ECF No. 55) to amend the Case Management Order is **GRANTED**, except as follows:

The case is rescheduled for a jury trial on **October 9, 2018**. This is a three week docket.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 26th day of December, 2017